

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| RAHUL AGARWAL<br>*Acting Attorney for the United States*<br><br>R. DAVID WALK, JR.<br>*Assistant United States Attorney* | CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE   856.757.5164<br>*401 Market Street, 4th Floor*                                              *Fax: 856.968.4917*<br>*Post Office Box 2098*<br>*Camden New Jersey 08101-2098* |

January 13, 2021

Honorable Robert B. Kugler
United States District Judge
Mitchell H. Cohen Federal Building
  & Courthouse
4th and Cooper Streets
Camden, New Jersey 08102

  Re: *United States v. Johnston, et al.*, Crim. No. 20-800 (RBK)

Dear Judge Kugler:

  On January 15, 2021, the Court will hold a hearing concerning the issues raised by the fact that Scott R. Grubman, Esquire, counsel for defendant Christopher Kyle Johnston, and Mr. Grubman's law firm Chilivis Grubman Dalbey & Warner previously represented Hayley Taff, Central Rexall Drugs, and defendant Trent Brockmeier in the investigation leading to the Indictment in this case.  The United States respectfully requests that the Court question defendants Johnston and Brockmeier at the hearing and ask the following questions to confirm the defendants' understanding of the situation and knowing and voluntary waiver of any actual and potential conflicts (with counsel for the United States excused for the questions highlighted in bold):

### Questions for Christopher Kyle Johnston

- Are you represented in this case by Scott Grubman, Esquire, and his law firm Chilivis Grubman Dalbey & Warner?
- Are you aware that Mr. Grubman and his law firm previously represented Hayley Taff, Trent Brockmeier, Don Fellows, and Central Rexall Drugs, as well as you, in the investigation leading to the indictment in this case?  I will refer to Hayley Taff, Trent Brockmeier, Don Fellows, and Central Rexall Drugs as the Former Clients.
- Did you sign Court Exhibit 1,[1] a letter from Mr. Grubman to you and the Former Clients, which discusses the joint representation of you and the Former Clients?

---

[1] Proposed Court Exhibit 1 is Exhibit 1 to the Government's December 14, 2020 letter brief.

1

- Do you understand that Ms. Taff also has signed a written waiver of privileges on behalf of herself and Central Rexall Drugs?
- Do you understand that because Mr. Grubman and his law firm represented the Former Clients, they may have professional duties and loyalties to the Former Clients, even though they no longer represent the Former Clients, and subject to the agreements stated in Court Exhibit 1 and Ms. Taff's waiver?
- Do you understand that Hayley Taff has pled guilty to conspiracy to commit health care fraud, the same conspiracy you are charged with participating in?
- Do you understand that Ms. Taff may testify at trial as a witness against you?
- Do you understand that the jury may learn at trial that Mr. Grubman and his law firm previously represented Ms. Taff and/or Central Rexall Drugs?
- Do you understand that Mr. Grubman or someone at his law firm will have the opportunity to cross-examine Ms. Taff?
- Do you understand that in cross-examining Ms. Taff, Mr. Grubman and his law firm could be limited by professional duties and loyalties to her as a former client?
- Do you understand that if Mr. Grubman and his law firm represents you at trial, Mr. Grubman and other lawyers at his law firm will not be able to testify as a witness about any conversations they had with Ms. Taff?
- Do you also understand that Trent Brockmeier is a codefendant in the case against you?
- Do you understand that it could be in your best interests to take positions adverse to Mr. Brockmeier, such as by arguing that any criminal conduct was the responsibility of Mr. Brockmeier and not you?
- Do you understand that it is possible that Mr. Brockmeier will plead guilty and testify against you?
- Do you understand that if Mr. Brockmeier testifies, either in his defense or for the government, Mr. Grubman or someone at his law firm will have the opportunity to cross-examine Mr. Brockmeier?
- Do you understand that in recommending whether you should take positions adverse to Mr. Brockmeier, Mr. Grubman and his law firm could be limited by professional duties and loyalties to Mr. Brockmeier?
- Do you understand that if Mr. Grubman and his law firm represent you at trial, Mr. Grubman and other lawyers at his law firm will not be able to testify as a witness about any conversations they had with Mr. Brockmeier?
- Do you understand that in cross-examining Mr. Brockmeier, Mr. Grubman and his law firm could be limited by professional duties and loyalties to Mr. Brockmeier as a former client?
- Do you understand that it is possible at trial that the jury will learn that Mr. Grubman and his law firm previously represented Ms. Taff, Mr. Brockmeier, and the other Former Clients?
- Just so the Court is satisfied that you understand what the potential conflict of interest is in this case, I would like you to describe in your

own words what your understanding of the potential conflict of interest in this situation.
- Have you had the opportunity to talk to Mr. Grubman about these issues?
- **What did he tell you about the conflicts of interest?**
- Are you yourself a lawyer?
- Are you aware that you have the opportunity to consult with an independent lawyer about the issues posed by Mr. Grubman and his law firm's prior representation of the Former Clients?
- Have you consulted with an independent lawyer about these issues?
    - If so:
        - Who did you consult?
        - When did you talk?
        - **What did you talk about?**
    - If you have not consulted with an independent lawyer about these issues, would you like to do so before making a decision on this matter?  If so, we can adjourn today's proceeding to give you an opportunity to counsel an independent lawyer regarding these issues.  If you cannot afford other counsel, the Court will appoint counsel to consult with you about this conflict-of interest issue.
- Do you feel as though you have had sufficient time to consider the potential conflict of interest and its potential effect on your case?
- Do you understand that you have a Sixth Amendment right to effective representation, which includes the right to be defended by counsel who does not have any conflicts of interest?
- Knowing all of these facts and having had the opportunity to consult with counsel about this issue, do you waive any actual or potential conflict of interest based on Mr. Grubman and his law firm's former representation of Hayley Taff, Trent Brockmeier, Don Fellows, and Central Rexall Drugs and wish to proceed with Mr. Grubman as your lawyer?
- Do you waive your Sixth Amendment right to be defended by counsel who does not have any actual or potential conflicts of interest?
- Do you make this waiver knowingly?
- Do you make this waiver voluntarily?
- Have you received any inducements, promises, or threats relating to the choice of counsel in this case?
- And by waiving this conflict of interest and your Sixth Amendment right to conflict-free counsel, do you understand that you will not later be able to challenge your conviction or sentence based on Mr. Grubman and his law firm's prior representations of the Former Clients?
- Is there anything that the Court has said that you wish to have explained further?

## Questions for Trent Brockmeier

- Did Mr. Grubman and his law firm Chilivis Grubman Dalbey & Warner previously represent you as well as Christopher Kyle Johnston, Hayley Taff, Don Fellows, and Central Rexall Drugs in the investigation leading

3

- to the indictment in this case?
- Did you sign Court Exhibit 1, a letter from Mr. Grubman to you and Mr. Johnston, Ms. Taff, Mr. Fellows, and Central Rexall Drugs, that discusses the joint representation of you and the other clients?
- Did you understand that by signing Court Exhibit 1, you were agreeing that Mr. Grubman and his law firm could continue to represent Mr. Johnston if he and his law firm no longer represented you?
- Did you understand that by signing Court Exhibit 1, you were agreeing that if Mr. Grubman and his law firm no longer represented you, Mr. Grubman and his law firm could use information they obtained when they represented you, including conversations or other communications with you?
- Do you understand that Mr. Grubman and his law firm may present evidence or argument against you in this case?
- Do you understand that if you were to testify, Mr. Grubman or someone at his law firm may cross-examine you?
- In other words, your former lawyers could end up being your opponents in this case. Do you understand that?
- Do you understand that Mr. Grubman and his law firm may introduce into evidence information obtained when he represented you, including conversations or other communications with you?
- Do you understand that it is possible at trial that the jury will learn that Mr. Grubman and his law firm previously represented you, as well as Hayley Taff, Mr. Johnston, Don Fellows, and Central Rexall Drugs?
- Are you currently represented by Don Samuel and Amanda Clark Palmer?
- Have you had the opportunity to talk to your current counsel about the issues posed by Mr. Grubman and his law firm's representation of Mr. Johnston in this case, including the possibility that Mr. Grubman and his law firm may present evidence or argument against you?
- **What did they tell you about this issue?**
- Just so the Court is satisfied that you understand what the potential conflict of interest is in this case, I would like you to describe in your own words what your understanding of the potential conflict of interest in this situation.
- Do you feel as though you have had sufficient time to consider the issues posed by Mr. Grubman and his law firm's representation of Mr. Johnston in this case and its potential effect on your case?
- Do you have any objection to Mr. Grubman and his law firm, your former counsel, representing Mr. Johnston in this case?
- Do you understand that if you and Mr. Johnston later become adversaries in this case, you will not later be able to object to Mr. Grubman and his law firm's representation of Mr. Johnston?
- Knowing all these facts and having had the opportunity to consult with your current counsel about this issue, do you waive any actual or potential conflict of interest based on the fact Mr. Grubman and his law firm formerly represented you?
- And by waiving this conflict of interest, do you understand that you will

4

not later be able to challenge your conviction or sentence based on the fact that Mr. Grubman and his law firm will be representing Mr. Johnston in this case?
- Do you make this waiver knowingly?
- Do you make this waiver voluntarily?
- Have you received any inducements, promises, or threats relating to the choice of counsel in this case?
- Is there anything that the Court has said that you wish to have explained further?

The United States respectfully requests that the Court make specific findings on the record after questioning defendants Johnston and Brockmeier. The United States believes that conducting this colloquy and making findings will satisfy the Court's duty to protect the interests of the parties through the inquiry into the potential conflicts of interest.

Respectfully submitted,

RAHUL AGARWAL
Acting Attorney for the United States

By:   R. DAVID WALK, JR.
      CHRISTINA O. HUD
Assistant United States Attorneys

cc:  All counsel (via email and ECF)