UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 20-800 (RBK) |
| v. | : | |
| CHRISTOPHER KYLE JOHNSTON, TRENT BROCKMEIER, and CHRISTOPHER CASSERI | : : | PROTECTIVE ORDER |

This matter having come before the Court on the Motion of the United States for a Protective Order Pursuant to Federal Rule of Criminal Procedure 16, it is hereby ORDERED as follows:

1. The Indictment in this matter charges the following crimes: (1) Christopher Kyle Johnston, Trent Brockmeier, and Christopher Casseri with conspiracy to commit health care fraud and wire fraud, in violation of Title 18, United States Code, Section 1349; (2) Christopher Kyle Johnston, Trent Brockmeier, and Christopher Casseri with conspiracy to commit identity theft, in violation of Title 18, United States Code, Section 371; (3) Christopher Casseri with false statements, in violation of Title 18, United States Code, Section 1001(a)(2); (4) Christopher Kyle Johnston and Trent Brockmeier with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h); and (5) Christopher Kyle Johnston and Trent Brockmeier with money laundering, in violation of Title 18, United States Code, Sections 1957 and 2.

2. In compliance with the Government's disclosure obligations, the Government shall disclose to the Defendants, by and through their counsel, documents and records, many of which contain confidential medical, financial, and other personal information about victims, witnesses, and other uncharged persons, as well as about the Defendants, including but not limited to prescriptions, documentation regarding prescriptions, medical records, bank records, and witness statements. All documents and records produced to the defense pursuant to the Government's disclosure obligations

1

are collectively referred to as "Confidential Discovery Information."

3. There is a significant possibility that disclosure of the Confidential Discovery Information would be detrimental to victims, witnesses, and/or uncharged persons. Given the risks posed by disclosure and the prevalence of confidential medical, financial, and other personal information in documents produced in compliance with the Government's disclosure obligations, and in order to expedite the production of discovery materials without delay, good cause exists to treat all the discovery materials produced by the Government to the Defendants as Confidential Discovery Information. If a Defendant objects to the treatment of a document as Confidential Discovery Information, then counsel for the Defendant shall attempt to resolve any such objection by conferring with the Government to see if the parties can agree as to treatment of the document(s). If the parties cannot agree, then the Defendant(s) may apply to the Court to have the restrictions of this Order made inapplicable to that document. Alternatively, the Defendants may apply to the Court on an *ex parte* basis to address the treatment of documents identified as Confidential Discovery Information.

4. Access to Confidential Discovery Information will be restricted to the following persons: the Defendants; their attorneys of record; those attorneys' associated counsel, paralegals, support staff performing services on behalf of a Defendant, investigators, financial advisors, accountants, and experts (retained pursuant to a written retainer agreement by a Defendant and/or his/her counsel in connection with the criminal case); and such other persons as hereafter may be authorized by the Court upon motion by a Defendant.

5. Confidential Discovery Information may be shown to prospective witnesses to the extent deemed reasonably necessary by Defense Counsel, but such discovery may not be given to or remain in the custody of prospective witnesses. In the event of showing Confidential Discovery Information to prospective witnesses in electronic form, the documents may be displayed virtually

through a secure web conferencing provider, such as WebEx, Microsoft Teams, Skype, or Zoom. Further, the Defendants may send Confidential Discovery Information by e-mail to potential witnesses and/or their counsel in advance of a virtual meeting, interview, and/or for trial preparation, provided that the witnesses and their counsel are given a copy of this Protective Order, advised of the confidential nature of the documents, and advised that the documents cannot be further disclosed or disseminated.  When Defense Counsel determines that the potential witness no longer needs to utilize the documents for trial preparation, Defense Counsel shall instruct the potential witness and/or his/her counsel to delete or destroy the Confidential Discovery Information and shall request written confirmation that the potential witness and/or his/her counsel have deleted or destroyed the Confidential Discovery Information.  If written confirmation is not received within 30 days, Defense Counsel shall promptly notify the Government.

      6.      The following restrictions will be placed on the above-designated individuals unless further ordered by the Court:

          a.      Confidential Discovery Information shall only be used and provided to persons identified in this Protective Order as having authority to receive such information;

          b.      No person subject to this Protective Order shall disclose any information contained in Confidential Discovery Information to any other person except as provided for above; and

          c.      No person subject to this Protective Order shall use Confidential Discovery Information for any purpose other than the defense of this case.

      7.      The Defendants' attorneys shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Court's Order.  The Defendants' attorneys

shall provide that person a copy of this Order, and that person shall be subject to the terms of this Order.  Defense counsel shall maintain a record of all such persons who have received Confidential Discovery Information.

8.  The persons authorized by this Protective Order to receive Confidential Discovery Information may not disclose the Confidential Discovery Information to any person not identified above unless either: (a) the Defendant's counsel makes a written request to the Government for an exception to these restrictions and such a request is granted; or (b) the Defendant's counsel makes a request to the Court, including on an *ex parte* basis, to authorize an additional person to receive Confidential Discovery Information and that request is granted.

9.  Any person identified in Paragraphs 4 and 5 who receives Confidential Discovery Information shall use reasonable care to ensure that the Confidential Discovery Information is not disclosed or disseminated to any third party in violation of this Order.  In the event of any inadvertent disclosure of Confidential Discovery Information, counsel shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Confidential Discovery Information and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Confidential Discovery Information.

10.  No information that is in the public domain, is already known by the receiving party through lawful means, or is received by the receiving party through lawful means shall be deemed or considered Confidential Discovery Information, provided, however, that any document produced in discovery containing that information shall be treated as Confidential Discovery Information until the restrictions on the document are lifted as provided in Paragraph 3.  Any document obtained by a Defendant or Defendant's counsel from a source other than the Government, through its discovery obligations, shall not be subject to the terms of this Order.

11. The requested restrictions shall not limit the use or introduction as evidence of materials containing Confidential Discovery Information during hearings and trial in this matter, subject to Fed. R. Crim. P. 49.1, if the inclusion of such information is relevant to the case. Moreover, notwithstanding any other provision, the parties shall be permitted to disclose Confidential Discovery Information in connection with the filing of motions with the Court, or for use at Court proceedings, subject to Fed. R. Crim. P. 49.1, except that the filing of any motion papers containing Confidential Discovery Information shall be made under seal.

12. This Protective Order is binding on all future and successor counsel.

13. The Defendants and their counsel will have no ownership or proprietary interest in the materials subject to this Order. Upon conclusion of this litigation, each Defendant's attorneys shall return to counsel for the United States, or destroy and certify to counsel for the United States such destruction, all materials containing Confidential Discovery Information, including any Confidential Discovery Information provided to the persons listed in Paragraphs 4 and 5, within a reasonable time, not to exceed 30 days after the Defendant has exhausted all appellate rights.

**IT IS SO ORDERED**

this ___20th___ day of __January__ 2021.

_____
HONORABLE ROBERT B. KUGLER
UNITED STATES DISTRICT JUDGE