

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Christina O. Hud*
*Assistant U.S. Attorney*

*401 Market Street, Fourth Floor*
*Camden, New Jersey 08101*

*856-757-5026*

April 11, 2023

Honorable Robert B. Kugler
United States District Judge
Mitchell H. Cohen Federal Building
  & United States Courthouse
Fourth and Cooper Streets
Camden, New Jersey 08102

      Re:   <u>*United States v. Johnston, Brockmeier, and Casseri*</u>
             <u>Crim. No. 20-800 (RBK)</u>

Dear Judge Kugler:

      The United States writes to provide additional information to the Court about an issue that will likely be raised during tomorrow's conference.

      As noted in the United States' initial letter, Central Rexall Drug, Inc.'s ("Central Rexall") former CEO, Hayley Taff, executed a waiver of the attorney-client and work-product privileges on behalf of the pharmacy. In 2020 and 2021, the United States provided defense counsel with voluminous discovery from various sources and informed defense counsel of documents and data that it received from Central Rexall by way of Taff (hereinafter, "the Central Rexall Materials"). Although Taff executed the corporate privilege waiver, counsel for defendants Johnston and Brockmeier ("Johnston and Brockmeier Counsel") claimed that the Central Rexall Materials could include documents involving legal advice to Johnston and Brockmeier in their individual capacities and on behalf of Bluen Medical LLC. The parties therefore agreed upon search terms designed to filter out documents relating to that potential privilege claim. That filter review was completed in 2022. Only a tiny number of documents were withheld as potentially privileged, and Johnston and Brockmeier Counsel cleared the remainder of the documents for release to the Investigative Team and to all defense counsel.

      More than two years after making that privilege claim and agreeing on the terms of the first filter review, Mr. Grubman—counsel for Johnston and previously company counsel to Central Rexall—raised another potential privilege assertion regarding the same Central Rexall Materials: this time, he claimed that Johnston could assert privilege over prior communications with his law firm when it was

company counsel. Although the United States believes these communications are subject to Taff's corporate privilege waiver, it nevertheless offered to conduct another filter on the Central Rexall Materials focused on communications between Central Rexall and Mr. Grubman and his law firm ("the Grubman Documents"). A copy of that proposed filter agreement is attached as Exhibit A. The United States and Johnston and Brockmeier Counsel are now in the process of agreeing on the terms of the second filter review, which will result in documents being cleared for release for a second time to the Investigative Team (referred to in the new filter agreement as the "Released Materials" and the "Remaining Materials").

On the afternoon of April 7, 2023, Johnston and Brockmeier Counsel contacted the United States seeking to modify paragraph 10 of the new filter agreement,[1] which provides as follows:

> 10. The USAO and the Potential Privilege Holders agree that the above-described procedures constitute reasonable steps to prevent the review of privileged or work-product protected materials. The Potential Privilege Holders agree that if the Investigative Team reviews material in the Released Materials or Remaining Materials that is privileged or work-product protected and not otherwise subject to the previously-executed corporate privilege waiver, that access will be considered inadvertent if the procedures set forth in this agreement have been followed, including Paragraph 9 which governs the discovery of potentially privileged material in the Released Materials or Remaining Materials. Similarly, no member of the Investigative Team shall be limited or otherwise conflicted from continued participation in the investigation as a result of access to potentially privileged or work-product protected material in the Released Materials or Remaining Materials if the procedures set forth in this agreement have been followed.

Specifically, counsel refused to sign the agreement unless the following language was included as a footnote to Paragraph 10:

> For clarity's sake, the terms of paragraph 10 will only apply to any materials reviewed by the Investigative Team after the date of the execution of this agreement.

The United States refused to include this footnote because it inappropriately seeks to open the door to disqualifying the Investigative Team for an issue that was just recently raised by Mr. Grubman and which the Investigative Team otherwise had no reason to know. Mr. Grubman was significantly involved in the negotiation

---

[1] Johnston and Brockmeier Counsel also requested additional time to conduct the filter review on the Grubman Documents, as well as the addition of more search terms. The United States agreed to both requests.

2

of search terms and the prior filter agreement and could have sought to include terms that would have identified and filtered out the Grubman Documents. He did not seek to do so for more than two years. The parties have worked well together in this matter and the United States has promptly addressed every filter concern raised by counsel. To now try to slip in this provision smacks of gamesmanship and is, quite frankly, very disappointing. Additionally, inclusion of this provision makes no sense. Indeed, Johnston and Brockmeier Counsel want to reserve the right to try to disqualify the Investigative Team if there is a hypothetical document in the Central Rexall Materials that (a) was twice cleared by counsel for release to the Investigative Team after application of search terms that they themselves crafted but (b) Johnston and Brockmeier Counsel now avers is so clearly privileged that the Investigative Team should have known, somehow, not to review it.

Although the parties hoped to resolve this issue in advance of tomorrow's conference, unfortunately Johnston and Brockmeier Counsel advised that we are at an impasse. Accordingly, the United States respectfully requests that the Court address this matter at tomorrow's conference.[2]

Respectfully Submitted,

*/s/ Christina O. Hud*

_____
CHRISTINA O. HUD
R. DAVID WALK, JR.
Assistant U.S. Attorneys
United States Attorney's Office
District of New Jersey

cc:   Scott Grubman, Esq. (*via email & ECF*)
      Donald Samuel & Amanda Clark-Palmer, Esqs. (*via email & ECF*)
      Carl Lietz & David Bouchard, Esq. (*via email & ECF*)
      Larry Lustberg & Anne Collart, Esqs. (*via email & ECF*)

---

[2] As the United States noted in its initial letter, any litigation over the limited number of documents involved in the Grubman Documents filter review is separate and apart from the remainder of the case and this small side issue should not hold up preparations for trial.

# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

___

April 5, 2023

| | |
|---|---|
| Scott Grubman, Esq. | Donald F. Samuel, Esq. |
| CHILIVIS GRUBMAN DALBEY | Amanda Clark Palmer, Esq. |
|  &amp; WARNER | GARLAND, SAMUEL & |
| 3127 Maple Drive N.E. |  LOEB, P.C. |
| Atlanta, GA 30305 | 3151 Maple Drive, N.E. |
| sgrubman@cglawfirm.com | Atlanta, GA 30305 |
| | dfs@gsllaw.com |
| | aclark@gsllaw.com |

     Re: <u>Filter Review Concerning Communications Between Central Rexall Drugs and the Chilivis Grubman Law Firm</u>

Dear Counsel:

  As you are aware, the United States Attorney's Office for the District of New Jersey ("the USAO") received certain electronic and paper records ("the Central Rexall Materials") in 2020. As you will further recall, although Central Rexall's CEO, Hayley Taff, waived the attorney-client privilege on behalf of Central Rexall, the parties agreed to conduct a filter review on the Central Rexall Materials regarding communications between the Baker Donelson law firm and defendants Christopher Kyle Johnston and Trent Brockmeier in their individual capacities or on behalf of Bluen Medical LLC. *See* Ex. A. The parties completed that filter review process in late 2022.

  Recently, Mr. Grubman, counsel for Johnston and who previously represented Central Rexall, raised another issue regarding potentially privileged materials. Specifically, Mr. Grubman asserted that, in his opinion, Ms. Taff did not have the authority to waive privilege on behalf of the corporation for communications between his law firm and Central Rexall due to a previously-entered into joint defense agreement. Although the USAO disagrees with this assertion, the parties agreed to conduct another filter review on the Central Rexall Materials regarding communications between Central Rexall and Mr. Grubman and his law firm. On March 18, 2023, the USAO set forth by email, *see* Ex. B, a proposed filter protocol to identify and withhold potentially privileged information from the Investigative Team

relating to these communications. This letter memorializes that process and sets forth the parties' agreement concerning procedures going forward for the identification and review of potentially privileged documents and for the release of non-privileged records to the Investigative Team.

## Procedures for Identification and Review of Potentially Privileged Materials

1. The Central Rexall Materials have been temporarily withheld from the Investigative Team as a precaution pending the negotiation of this filter procedure.

2. This agreement sets forth the procedures going forward for the identification and review of potentially privileged documents related to Johnston, Brockmeier, and/or Bluen Medical LLC (hereinafter, "the Potential Privilege Holders"), and for the release of non-privileged records to the Investigative Team. Once this agreement is executed, the procedures described in Paragraph 1 to temporarily withhold materials from the Investigative Team pending the negotiation of this agreement will no longer be in place. Any material previously held back by Paragraph 1 that is not required to be held back from the Investigative Team by this agreement will be released to the Investigative Team.

3. Members of the USAO's eLitigation Unit will filter the Central Rexall Materials using agreed-upon search terms designed to screen for potential privilege and attorney work-product.

4. <u>Search Terms</u>: The parties agree that the following search terms will be applied to the Central Rexall Materials to screen for potential privilege and attorney work-product:

    a.   *Grubman*
    b.   *Chilivis*
    c.   *CGLawfirm*
    d.   CCLB

If you are aware of any other terms that in your opinion should be added to this list, please advise us of those proposed terms no later than **April 7, 2023** and we will work with you to reach agreement on a set of final search terms. If you do not provide additional proposed terms by this date, your client agrees that these search terms are acceptable and sufficient to screen the Central Rexall Materials for potentially privileged or work-product protected materials.

5. After the above-described screening process is accomplished, the Filter Team will process and produce to you the records identified as potentially privileged

as a result of that process (the "Identified Materials").  The Filter Team also shall take steps so that the Investigative Team will not have access to the Identified Materials.

   6. You shall then review the potentially privileged documents and notify the Filter Team in writing of the items for which you intend to assert a privilege.  You shall have **4 weeks** after receiving the Identified Materials to assert any and all claims of privilege or attorney work-product protection for specific records contained in the Identified Materials. You will identify in a privilege log the DOC-ID, the claimed privilege, and the part of the document for which you believe the claimed privilege applies.  A copy of the privilege log will be made available to the Filter Team and the Investigative Team.

   7. Any records within the Identified Materials not identified as privileged or protected by you within **4 weeks** of receiving such records from the Filter Team will be made available immediately to the Investigative Team and will no longer be subject to the filter review (the "Released Materials").

   8. The Central Rexall Materials that do not contain any of the agreed-upon search terms will be made available immediately to the Investigative Team and will not be subject to the filter review (the "Remaining Materials").

   9. If the USAO subsequently determines that any of the Released Materials or Remaining Materials contain information that may be privileged, the Filter Team will notify you as soon as practicable, take steps to remove all copies of such materials from potential review by the Investigative Team, and direct the Investigative Team to cease use of such materials.  A new filter review process will then be instituted for those materials pursuant to the procedures set forth in this agreement.

   10. The USAO and the Potential Privilege Holders agree that the above-described procedures constitute reasonable steps to prevent the review of privileged or work-product protected materials.  The Potential Privilege Holders agree that if the Investigative Team reviews material in the Released Materials or Remaining Materials that is privileged or work-product protected and not otherwise subject to the previously-executed corporate privilege waiver, that access will be considered inadvertent if the procedures set forth in this agreement have been followed, including Paragraph 9 which governs the discovery of potentially privileged material in the Released Materials or Remaining Materials.  Similarly, no member of the Investigative Team shall be limited or otherwise conflicted from continued participation in the investigation as a result of access to potentially privileged or work-product protected material in the Released Materials or Remaining Materials if the procedures set forth in this agreement have been followed.

If the Potential Privilege Holders agree to proceed with the review of the Central Rexall Materials on the terms and conditions set forth above, please return an executed copy of this letter **as soon as possible**. If we do not receive a response promptly, we may make an application for a court-ordered filter protocol.

Sincerely,

_____
CHRISTINA O. HUD
R. DAVID WALK, JR.
Assistant U.S. Attorneys
United States Attorney's Office
District of New Jersey

cc: Carl Lietz, Esq.
    David Bouchard, Esq.
    AUSA Eric Boden
    AUSA Alex Ramey
    eLitigation Manager Richard Jones

**AGREED TO BY**:

I understand and agree with the proposal set forth in this letter.

_____          _____
SCOTT GRUBMAN, ESQ.                              Date
*Counsel for Christopher Kyle Johnston*

_____          _____
DON SAMUEL, ESQ.                                 Date
AMANDA CLARK PALMER, ESQ.
*Counsel for Trent Brockmeier*