**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
EDWARD S. KIEL
UNITED STATES DISTRICT JUDGE

MITCHELL H. COHEN BUILDING & U.S.
COURTHOUSE
4TH & COOPER STREETS
CAMDEN, NJ 08101
856-757-5057

## LETTER ORDER

October 24, 2024

RE: United States v. Christopher Kyle Johnston, *et al.*
Case No.: 20–cr–00800–ESK

Dear Counsel:

This matter is before the Court on the aspect of defendants' motions seeking dismissal for failure to state an offense and on constitutional grounds of count two of the Indictment, which charges conspiracy to commit identity theft (Motions). (ECF No. 118 (Brockmeier Mot. Br.); ECF No. 126–1 (Johnston Mot. Br.) pp. 47–54).[1] The Government filed an omnibus opposition to the Motions (ECF No. 137 (Opp'n)), to which defendants filed replies (ECF Nos. 139, 140, 141). In further support of the Motions, defendants submitted supplemental papers. (ECF Nos. 170, 171, 172). The Government filed a response in opposition to defendants' supplemental papers. (ECF No. 173.) I heard oral argument on the Motions on September 30, 2024. (ECF No. 182 (Tr.).) For the following reasons, the Motions are DENIED.

### I. BACKGROUND

On September 16, 2020, the government filed a twenty-four count Indictment against defendants for engaging in a scheme to commit health care

---

[1] While defendants Christopher Kyle Johnston and Trent Brockmeier filed separate briefs in support of the Motions (Brockmeier Mot. Br.; Johnston Mot. Br.), they adopt each other's arguments (ECF No. 126 p. 1; ECF No. 127). Defendant Christoper Casseri did not separately move to dismiss count two but joins in the arguments Brockmeier and Johnston raise. (ECF No. 125 p. 2.)

United States v. Christopher Kyle Johnston, *et al.*
Case No.: 20–cr–00800–ESK
October 24, 2024
Page -2-

and wire fraud. (*See* ECF No. 1.) Relevant here, count two charges defendants with violating 18 U.S.C. §1028(a)(7) for having "knowingly conspired to cause and caused the transfer, possession, and use of the means of identification of other persons with the intent to commit, and to aid or abet, and in connection with, an unlawful activity." (*Id.* ¶44.) To determine the insurance coverage costs for compounded medications, defendants allegedly conspired to use and caused others to use patients' identifying information without their knowledge or consent to submit false "test claims." (*Id.* ¶¶11, 25, 26.) Upon the adjudication of these "test claims," the claims were reversed and the paper record was shredded. (*Id.* ¶27.) Defendants allegedly engaged in this scheme to "unlawfully enrich themselves" and "maximize the insurance reimbursement rather than serve the medical needs of the patients" and focus on the "medical necessity or effectiveness" of the compounded medications. (*Id.* ¶¶14, 29, 30.)

## II.   LEGAL STANDARD

"Federal Rule of Criminal Procedure [(Rule)] 12(b)(3) allows a defendant to move to dismiss an indictment for a failure to state an offense." *United States v. Menendez*, 132 F. Supp. 3d 635, 637–38 (D.N.J. 2015). "An indictment is sufficient" if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a formal acquittal or conviction in the event of a subsequent prosecution." *Id.* (quoting *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007)).

For purposes of a motion to dismiss, all factual allegations in the indictment must be accepted as true. *Id.* "Dismissal under Rule 12(b)(3) 'may not be predicated upon the insufficiency of the evidence to prove the

United States v. Christopher Kyle Johnston, *et al.*
Case No.: 20–cr–00800–ESK
October 24, 2024
Page -3-

indictment's charges.'" *Id.* (quoting *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000)).

### III. DISCUSSION

#### A. Statutory Challenge

Defendants argue that the Indictment fails to state a viable §1028(a)(7) charge because the government presented no genuine nexus between defendants' alleged use of another person's identifying information to submit false "test claims" for compounded medications and the underlying predicate fraud offense. (Brockmeier Mot. Br. pp.15–19; Johnston Mot. Br. pp.47–54.) In support of this argument, defendants cite to *Dubin v. United States*, 599 U.S. 110 (2023), which, although interprets 18 U.S.C. §1028A, defendants argue "applies with equal force to §1028." (Brockmeier Mot. Br. pp.15–19; Johnston Mot. Br. pp.47–54.) In contrast, the government argues that *Dubin* was unique to §1028A(a)(1) and the Court's narrow reading of that provision does not extend to the provision charged in this case. (Opp'n pp.28–41.) Therefore, before determining whether count two states an offense, I must first assess whether *Dubin* extends to the provision at issue here.

#### 1. *Dubin*

In *Dubin*, the defendant challenged his aggravated identity theft conviction for having inflated the value of services provided to a patient by a psychological services company. *Dubin*, 599 U.S. at 114–15. Pursuant to §1028A(a)(1), an individual is guilty of aggravated identify theft if "during and in relation to any [predicate offense, such as healthcare fraud], [the individual] knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person."

3

United States v. Christopher Kyle Johnston, *et al.*
Case No.: 20–cr–00800–ESK
October 24, 2024
Page -4-

The government asserted that the provision was "automatically satisfied" because "as a means of identification" the defendant had included in his fraudulent billing the patient's Medicaid reimbursement number. *Dubin*, 599 U.S. at 117. The government argued that "[a] defendant uses a means of identification 'in relation to' a predicate offense if the use of that means of identification 'facilitates or furthers' the predicate offense in some way." *Id.* In contrast, the defendant offered a more targeted reading that "using a means of identification in relation to a predicate offense requires 'a genuine nexus to the predicate offense.'" *Id.*

The Court agreed with the defendant and held that the words "use" and "in relation to" in §1028A(a)(1) should *not* be construed so that the provision would "apply automatically any time a name or other means of identification happens to be part of the payment or billing method used in the commission of a long list of predicate offenses." *Dubin*, 599 U.S. at 117. Instead, satisfying the provision requires the government to show that use of the means of identification "is at the crux of what makes the conduct criminal" and is "more than a causal relationship." *Id.* at 131–32. In other words, "the means of identification specifically must be used in a manner that is fraudulent or deceptive" such that it "can often be succinctly summarized as going to 'who' is involved." *Id.*

### 2. Whether to Extend *Dubin*

Here, defendants have been charged with conspiring to violate §1028(a)(7), a distinct—albeit similar—provision from the one discussed in *Dubin*. Defendants argue that because "[t]he Third Circuit has described the elements of both [§1028(a)(7) and §1028A(a)(1)] as 'virtually identical'" and "[t]here is little difference between" them, "[t]he same factors that the … Court found supported a narrow interpretation of §1028A also counsel in favor of a

United States v. Christopher Kyle Johnston, *et al.*
Case No.: 20–cr–00800–ESK
October 24, 2024
Page -5-

narrow interpretation of §1028(a)(7)." (Johnston Mot. Br. pp. 49, 50; Brockmeier Mot. Br. pp. 8, 13–15.) I, however, find that the rules of statutory interpretation do not support *Dubin* being extended to §1028(a)(7).

### a. Title

Although *Dubin* does not instruct whether the narrow interpretation of §1028A(a)(1) should apply to §1028(a)(7), the Court's express comparison of the titles of these statutes supports a broad reading of §1028(a)(7). *Dubin*, 599 U.S. at 120–21 (noting that the title of a statute is an useful tool to resolve doubt about a meaning of a statute). "Congress chose for §1028A's title[] 'Aggravated identity theft.'" *Dubin*, 599 U.S. at 120–21. Meanwhile, the "neighboring provision, §1028, carries the broad title 'Fraud and related activity in connection with identification documents, authentication features, and information.'" *Id.* Given "[t]hat 'Congress separated the [identity] fraud crime from the [identity] theft crime['] … suggests that §1028A is focused on identity theft specifically, rather than all fraud involving means of identification." *Id.* (quoting *Flores-Figueroa v. United States*, 556 U.S. 646, 655 (2009)). In other words, §1028A "is far more targeted" than §1028 and is a stand-alone provision that is unique to the crime of aggravated identity theft. *Id.*; *see also United States v. Garcia,* No. 23–00238, 2024 WL 170780, at *4 (W.D. Tex. Jan. 12, 2024) (declining to analogize §1028 with §1028A "[g]iven the … clear pronouncement [in *Dubin*] that §1028A is intentionally more narrowly targeted than §1028.)

### b. Surrounding Text and Predicate Offenses

The text of §1028(a)(7) is largely identical to that of §1028A(a)(1) with two exceptions. First, the latter uses the phrase "during and in relation to," while

United States v. Christopher Kyle Johnston, *et al.*
Case No.: 20–cr–00800–ESK
October 24, 2024
Page -6-

the former uses "with the intent to commit, or to aid or abet, or in connection with." Second, the provisions incorporate different predicate offenses.

At oral argument, I noted that "I see no difference" between the phrases "in relation to" and "in connection with." (Tr. p.74.) *See Shaw v. Delta Air Lines Inc.*, 463 U.S. 85, 96–97 (1983) ("A law 'relates to' an employee benefit plan, in the normal sense of the phrase, it if has a connection with or reference to such a plan."). While defendants argue that this similarity is sufficient to apply *Dubin* here, the defendants disregard the "with the intent to commit, or to aid or abet" language in §1028(a)(7) that the Indictment includes within count two. (*See* Johnston Mot. Br. pp. 49, 50; Brockmeier Mot. Br. pp.8, 13–15.) Therefore, unlike §1028A(a)(1), §1028(a)(7) allows the Government to establish identity theft under two theories: intention to commit and aiding or abetting. *Cf. United States v. Auernheimer*, 748 F.3d 525, 535–36 n.6 (3d Cir. 2014) (indicating that "[t]he two essential conduct elements under §1028(a)(7) are transfer, possession, or use, and doing so in connection with a federal crime or state felony" without having considered the "aid or abet" aspect of the provision because the defendant's charge only included the "in connection with" language). Since *Dubin* did not analyze this complete phrase, the guidance it provides is limited.

As to the difference in predicate offenses, "§1028A(a)(1)'s predicates include a vast array of offenses" that "reflect the 'distinction between' the aggravated identity theft crimes that 'Congress sought to distinguish for heightened punishment and other crimes.'" *Dubin*, 599 U.S. at 128 (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004)). §1028A(a)(1) "adds a [two]-year mandatory prison onto underlying offenses that do not impose a mandatory prison sentence of any kind." *Id.* at 127. Given this "enhancement, and a severe one at that," §1028A(a)(1) is interpreted as "prevent[ing] sentencing

United States v. Christopher Kyle Johnston, *et al.*
Case No.: 20–cr–00800–ESK
October 24, 2024
Page -7-

judges from considering the severity of the offense, even if the amount of money involved was quite small or there are other mitigating factors." *Id.* at 127.

Meanwhile, predicate offenses prosecuted under §1028(a)(7) fall under the category of "other crimes" and do not contain a mandatory minimum prison sentence. *See id.* at 128; *Leocal*, 543 U.S. at 11. Since judges sentencing under §1028(a)(7) can consider the severity of the offense and other mitigating factors, the concerns discussed in *Dubin* to support a narrow reading of §1028A(a)(1) do not exist here. *See Dubin*, 599 U.S. at 127. Furthermore, defendants' federalism concerns over §10282(a)(7) applying to any federal offense or "felony under any applicable State or local law" are unavailing as Congress intended the provision to apply to a wide variety of conduct. (*See* Johnston Mot. Br. p. 35; Opp'n p. 33.)

Although defendants downplay these differences as "subtle and inconsequential" (Brockmeier Mot. Br. pp. 8), I find that interpreting both provisions identically would render one of them superfluous. *See Dubin*, 599 U.S. at 127 (indicating that the canons of construction encourage courts to "assume[] that Congress … intended each term to have a particular, nonsuperfluous meaning" (quoting *Bailey v. United States*, 516 U.S. 137, 146 (1995))). Given that §1028 was enacted six years before §1028A suggests that Congress would not have enacted a different statute just to have both statutes require the same conduct. If that were the intention, Congress would have amended §1028 rather than leave it in place and legislate §1028A as a separate statutory provision. Accordingly, I find that the significant differences between §1028A(a)(1) and §1028(a)(7) support *Dubin* not being extended.

### 3.   Application of *Dubin*

Assuming *arguendo* that *Dubin* extended to §1028(a)(7), defendants' arguments in support of dismissing count two for failure to state an offense

United States v. Christopher Kyle Johnston, *et al.*
Case No.: 20–cr–00800–ESK
October 24, 2024
Page -8-

would still fail. Defendants equate their "process of submitting hypothetical claims for adjudication [a]s no different than a shopper at a store asking a clerk, 'how much does this product cost' before the shopper heads to the check-out lane." (Brockmeier Mot. Br. p.11.) Since these "test claims" were not prescribed and the Indictment does not allege that defendants ever received money or property from the insurance benefit provider, defendants argue that the "test claims" and "test adjudications" were not fraudulent and not at the "crux" or the underlying criminal conduct. (Brockmeier Mot. Br. pp.10–15; Johnsotn Mot. Br. pp.55, 55.) Courts have expressly rejected this argument and I do the same. *See United States v. Barnes*, 2024 WL 3409856, at *10-11 (E.D. Wis. July 15, 2024) (finding "[t]he defendant's use of [patients'] means of identification … at the crux of the defendant's alleged healthcare fraud because she effectively represented to Medicaid that the clients authorized her to seek payment for services rendered on a specific date, when they had not received services on that date and … not authorized her to receive a related payment"); *United States v. Boykins*, 2024 WL 3463955, at *7 (E.D. Va. July 17, 2024) (finding that the defendant's misappropriation of Medicaid recipients' identities to create false medical records and submit falsified billing records using their names for services they never received plainly is the key mover, or … crux of" the fraud").

### B. Constitutional Challenge

Relying upon Justice Gorsuch's concurrence in *Dubin*, defendants also challenge §1028(a)(7) as unconstitutionally vague. (Brockmeier Mot. Br, pp.9, 10.) Given Justice Gorsuch's concerns as to the "intractable interpretive challenges" the majority's standard presents, *Dubin*, 599 U.S. at 134–36, defendants similarly argue that §1028(a)(7) fails to "provide any guidance in defining how the unauthorized use of another person's identifying information

8

United States v. Christopher Kyle Johnston, *et al.*
Case No.: 20–cr–00800–ESK
October 24, 2024
Page -9-

must be connected with the predicate fraud offense." (Brockmeier Mot. Br, pp. 9, 10.)

Whether 18 U.S.C. § 1028(a)(7) is unconstitutionally vague is an issue of first impression in this circuit. In a void-for-vagueness challenge, a court must "consider whether a statute is vague as applied to the particular facts at issue for '[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'" *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010) (alternation in original) (quoting *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982)).

The allegations concerning defendants' use of patients' names, dates of birth, and insurance information is clearly proscribed by the provision. Not only is Justice Gorsuch's concurrence not binding, the majority also rejected his position. *Dubin*, 599 U.S. at 132 n.10 ("The concurrence's bewilderment is not, fortunately, the standard for striking down an Act of Congress as unconstitutionally vague."). Defendants' void-for-vagueness challenge is thus unavailing.

### IV. CONCLUSION

I find that count two should not be dismissed. Accordingly, the Motions are DENIED.

                                               */s/ Edward S. Kiel*
                                               EDWARD S. KIEL
                                               UNITED STATES DISTRICT JUDGE