

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731
llustberg@gibbonslaw.com

March 3, 2025

<u>**VIA ECF**</u>

Honorable Edward S. Kiel
United States District Judge
Mitchell H. Cohen Building
 & U.S. Courthouse
4th and Cooper Streets, Court Room 3A
Camden, New Jersey 08101

      Re:    <u>*United States v. Johnston, et al.*, 20-cr-800 (ESK)</u>

Dear Judge Kiel:

      In response to the Court's questions at the end of today's proceedings concerning the assessment of coconspirator hearsay, Mr. Johnston respectfully submits this brief letter by way of short supplement to our letter of earlier today.  Specifically, we write to respond to the Court's inquiry as to whether the Court can consider witness credibility in making a determination of whether the Government has demonstrated by a preponderance of the evidence that the elements of the coconspirator hearsay exception under Rule 801(d)(2)(E) is satisfied.  Undoubtedly it can.

      First, under Federal Rule of Evidence 104, it is the court—and not the jury—that "must decide any preliminary question about whether . . . evidence is admissible."  Fed. R. Evid. 104(a).  Indeed, the argument that a jury would be making admissibility determinations is, respectfully, nonsensical.

      Second, and specifically when making its findings on whether the Rule 801(d)(2)(E) factors are satisfied, the Court not only may, but actually must, weigh the credibility and reliability of the evidence.  *See, e.g.*, *Earle v. Benoit*, 850 F.2d 836, 842 (1st Cir. 1988) (sustaining district court's ruling excluding coconspirator statements and noting that in making its findings a trial court "was required to weigh the evidence and assess its credibility"); *United States v. Miliet*, 804 F.2d 853, 857 n.2 (5th Cir. 1986) (at the conclusion of evidence "the trial judge is compelled to consider all independent evidence, weigh it, make credibility choices, and determine whether it preponderates in favor of finding that rule 801(d)(2)(E) has been satisfied"); *Fields v. City of Chicago*, No. 10 C 1168, 2014 U.S. Dist. LEXIS 207450, at *19 (N.D. Ill. March 9, 2014) ("Given Hawkins's dubious credibility on this point and the scant additional evidence of Fields's knowledge and participation, the Court cannot find that defendants have shown by a preponderance of the evidence that the recorded conversations were in furtherance of a conspiracy to bribe the judge of which Fields was a member.").

GIBBONS P.C.

March 3, 2025
Page 2

   For instance, the Fourth Circuit in *Precision Piping & Instruments, Inc. v. E.I. du Pont de Nemours & Co.*, 951 F.2d 613, 621 (4th Cir. 1991), affirmed the district court's exclusion of supposed coconspirator statements because the court had determined that the proffered statements were particularly unreliable in light of the case's development, witnesses' demeanors, and a lack of adequate independent corroborating evidence. The court specifically noted that in deciding preliminary evidentiary questions, "the trial court may weigh the credibility and reliability of evidence, including hearsay statements, when making a preliminary determination as to the existence of a conspiracy necessary to invoke Rule 801(d)(2)(E)." *Id.* Courts in this District have applied these principles in assessing coconspirator statements. *See Farris v. County of Camden*, 61 F. Supp. 2d 307, 327 (D.N.J. 1999) (endorsing a Rule 104 hearing to assess witnesses' credibility before determining alleged coconspirator statements).

   In sum, credibility determinations are not only permitted, but are necessary and inevitable, when assessing alleged coconspirator statements.

   We thank the Court for its kind consideration of this matter.

              Respectfully submitted,

              s/ Lawrence S. Lustberg
              Lawrence S. Lustberg

cc:  All counsel of record